*1486 On the Merits.
The opinion of the court was delivered by
Watkins, J.
The controversy raised in this cg,se is with regard, principally to two items of the executor’s provisional account of administration; one is that of $1763.25 in favor of Miss Edward Anna O’Connor for services rendered in nursing and attendance on the deceased; and the other is a privilege claim in favor of Stuart and Adams for $395.
Several of the recognized ordinary creditors filed oppositions to the homologation of the account in its entirety, questioning every item on the list of privileged debts; but on the trial either no proof was administered, or the oppositions were abandoned as to all, except to the two items above specified.
On the trial, the judge a quo heard the evidence, and, being satisfied of the correctness of the controverted items, rendered judgment approving the account in its entirety, and homologating same, and opponents have'appealed.
The following is the exact copy of the account which Miss O’Con-nor rendered to the executors, viz.:
To services as nurse during last illness of deceased from June 20, 1891, to June 28, 1892, one year and eight days, at $5 per day................................$1,865 00
Less credit............................................................................................................. 101 95
Balance due................................................................................................$1,763 25
It appears that William Stuart died on June 28, 1892, and that his will was thereafter probated and his executors qualified and began the administration of his estate.
This claim was presented- to the executors, and the evidence shows that they acknowledged' and approved it as a privileged indebtedness of the deceased, and subsequently entered same upon their provisional account.
As furnishing an accurate statement of the evidence appertaining to his claim we append, in its entirety, the reasons which Judge Ellis assigned for his judgment, viz.:
“The account of W. W. Sutcliffe has been disposed of by agreement of the parties, and the claim of Miss O’Connor alone is to be decided. I havs read the record, as I have heard it recorded.
“The step-daughter was the constant attendant of the deceased, ministered to his wants, and brightened his life from the moment that blindness fell upon him till the day of his death.
*1487 “ I know of no rule to measure the value of the services of a faithful and dutiful daughter; but here a formal bill is presented for services as nurse, and I have to deal with the matter regardless of sentiment. The proof is that a capable nurse could not have been hired for less than is here charged. The deceased was helpless, and the claimant recognized in this account was his constant nurse and attendant. It is difficult for one who has not served to appreciate the confinement, the weariness and discomfort of attending such a patient night and day for so long a period as one year.
“In this case, similar services antedated the last year of the life of the deceased for several years, and the prior services more than compensate aught that claimant received in the way af board, clothing, etc., from deceased. She was only the stepdaughter — not an heir at law or by blood. All the heirs approved the claim as just, and were her claim rejected, .the amount, after paying costs, that would go the creditors would be small.
“She has been paid one hundred and one dollars and seveuty-five cents, and I fix the balance due the claimant at fifteen hundred dollars, and as thus modified, the claim will stand in the account due her with privilege.
“This is for the last year, prescription having barred all claims for more than a year. This is less than five dollars a day, but on the whole case I think it is fair. Oppositions sustained to this extent only, as to said item, and otherwise overruled. As amended, account homologated and funds ordered distributed, succession to pay costs.”
Opponents adduced no countervailing evidence. This is quite a ■ peculiar case and singularly circumstanced. Miss O’Oonnor was only a step-daughter of the deceased, and was not bound by the ties of consanguinity to serve her step-father gratuitously. It is possibly true that she was indebted to him for clothing he furnished and also for board, but she had rendered services to deceased for some time previous to the commencement of the account in ques-. tion, and these may be considered thereby compensated. This was the view the judge a quo entertained.
We are not disposed to question the correctness of the opinion of our learned brother in this particular. But the evidence, in our judgment, does not support the claim of Stuart & Adams for three hundred .and ninety-five dollars, and in this respect the decree *1488 should be amended. The approval of the executors suspended prescription.
It is ordered and decreed that the judgment appealed from be so-amended as to reject and disallow the claim of Stuart & Adams for three hundred and ninety-five dollars, and that as thus amended,, same be affirmed at the cost of the succession.